The facts and circumstances providing the basis of this suit primarily involve two brothers, Jesse L. and Grady V. Brown, residents of Ouachita Parish. They acquired jointly in the partition of the estate of their father, J.O. Brown, a small tract of land in the western part of Ouachita Parish. Jesse mortgaged his one-half interest in the tract to a bank in the City of Monroe, Louisiana, and in the year 1941 erected thereon a modest four-room dwelling with porch. He and his wife lived continuously in this dwelling for perhaps a year. For business reasons and convenience they virtually abandoned the place as their living quarters in the latter part of 1941 or early in 1942, but returned to it from time to time, mainly, we think, to look after the furniture and other effects left therein.
Between the time these plaintiffs abandoned the house as their living place and the time the facts forming the basis of this *Page 900 
suit transpired, they lived in the City of Shreveport some six months, for several months in the City of West Monroe, and for a time in the City of Bastrop, Louisiana. During the year 1942 the house was occupied by two women with the consent of plaintiffs, for a period of some six months.
Jesse L. Brown defaulted on the mortgage to the bank and foreclosure proceedings followed. The date of this suit is not definitely fixed in the record, but we judge it to have been in the latter part of 1942. At sheriff's sale under the foreclosure, Jesse Brown's interest in the land was acquired by a resident of Ouachita Parish who thereafter sold it to Grady V. Brown, thereby making him the owner of the entirety of the land and buildings thereon.
In March, 1943, several months after Grady V. Brown's acquisition of his brother's interest in the land, he had his attorney write a letter to him in which it was requested that the furniture and other household effects in said building be removed therefrom. Receipt of this letter by Jesse L. Brown was denied by him. We are inclined to think he is mistaken in so testifying. However, whether he received it or not has no material bearing upon the issues of the case.
In October, 1943, Grady V. Brown leased the house with adjacent land to Willie Teal, and proceeded to place him in possession. This was some six months after the letter was written to Jesse L. Brown requesting that he remove his household effects from the building. Grady V. Brown engaged J.T. Skeins to so shift the furniture in the dwelling that Teal could move into it with his own household effects. This was done the morning of October 11th. Teal was present and assisted Skeins in carrying out Grady V. Brown's wishes and instructions, but he did not move into the building until plaintiffs' furniture was removed therefrom. Some of the furniture was put on the front porch and some was carried to and placed in an outhouse on the premises. On this same day Teal moved some ear corn to the house and left it on the front porch.
Coincidentally, the day the furniture was moved, as above related, plaintiffs drove to the place and discovered what had happened. They promptly sought relief through the sheriff and the district attorney, but neither of these officials considered the facts of the case such that they should take any action. Within a week thereafter plaintiffs sold all the furniture to a secondhand dealer for $87.
Jesse L. Brown and his wife, Christine, instituted this suit against Grady V. Brown, Willie Teal, J.T. Skeins and R.L. Kilgore, to recover damages allegedly sustained by them as a result of the alleged illegal action of the named defendants in these respects, to-wit:
1. Loss of their furniture by destruction at the hands of the defendants ..................... $ 913.00
2. Cost of moving said furniture and the expense of moving from their home ................ 87.00
3. Humiliation and embarrassment suffered by the acts of the defendants ..................... 1,500.00 --------- Total .................... $2,500.00
Kilgore was erroneously impleaded as defendant. He was not present when the furniture was moved and, so far as the testimony shows, he had nothing to do with the matter at all. He was dismissed from the suit on exceptions of no cause and no right of action. Like exceptions filed by the other defendants were referred to the merits. The joint answer of Teal and Skeins is, in effect, a general denial. Grady V. Brown admits that he caused the plaintiffs' furniture to be so moved and rearranged as to allow his tenant, Teal, to move his household effects into the building. He specially denies that the furniture was damaged to any extent and denies that plaintiffs suffered any humiliation or embarrassment on account of his action. He avers that since plaintiffs had abandoned the house as their home for some two and one-half years, and left it unoccupied and unattended, he had the right to act as the record discloses he did.
The lower court rejected plaintiffs' demand in its entirety and they appealed.
[1, 2] After the sheriff's sale in the foreclosure suit Jesse L. Brown ceased to have any interest in the house in question or the land whereon it is located. Thereafter any sort of possession thereto exercised by him was purely by sufferance of the owner. From the time he ceased to live in the house and established living quarters elsewhere the house merely served as a shelter or place of protection to that part of his household effects left therein. Grady V. Brown believed, and the facts *Page 901 
warranted such belief, that the house had been abandoned as living quarters. He felt that his own interest and that of plaintiffs would best be subserved by proceeding as he did. He had the unquestioned right, under the facts and circumstances, to enter the house and so arrange the effects therein as to allow his own tenant to occupy the same. Unless in accomplishing this result he caused injury to plaintiffs' furniture and effects, surely he may not be mulcted in damages.
Plaintiffs charge that Grady V. Brown broke the lock on the front door of the house in order to gain admission therein. He positively denied this and testified that the door was open when he went there early in the morning of October 11th. Neither he nor the other defendants employed force to enter the building. It is of common occurrence that property of this character when left unoccupied and unattended for long intervals, is broken into and ransacked by persons desiring to steal.
Plaintiffs testified that the furniture prior to being moved was well worth $1,000, and that because of injury thereto, while being moved by defendants, it depreciated in value $913, since the secondhand dealer would pay only $87 for it.
The men who moved the furniture testified that they handled it with due care and caused no damage to it; while, on the other hand, plaintiffs testified to some extent in detail, the character of injury they believe was inflicted upon it while being moved. Neither of them testified that any part of the furniture was destroyed as by them alleged.
[3] There is no middle ground to plaintiffs' claim of damages to the furniture. They unequivocably take the position that they suffered damages in this respect to the extent of $913. If the furniture had a value of $1,000 prior to being moved, surely it was not damaged to the extent of $913 by the removal. Having failed to prove that the furniture was destroyed and having failed to prove that it was damaged to the extent of $913, if damaged at all, and having failed to prove the extent of damages, conceding that there were any, plaintiffs' demand on this score was properly rejected.
The second element of damages is not urged. It has no semblance of foundation. The furniture, after being sold to the secondhand dealer, was moved by him from the premises and carried to his place of business in West Monroe. Plaintiffs did not testify in support of this claim.
[4] In view of the conclusion reached by us that Grady V. Brown was within his legal rights in taking possession of the building and moving plaintiffs' furniture as herein described, it logically follows that for any humiliation and embarrassment experienced by plaintiffs on account of Grady V. Brown's action, they have no right or cause of action.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
 *Page 65